In re Ronald R. BOLEEN t/d/b/a Ronald R. Boleen Building and Remodeling and Mary Boleen, Debtors.

UNIBANK, Secured Creditor, Plaintiff,

v.

Ronald R. BOLEEN, Mary L. Boleen, his wife, Richard W. Mutzabaugh, Esq., Trustee, Gust Boleen and Hazel Boleen, his wife, Defendants.

Bankruptcy No. 81–00091.
C.A. No. 82–162 Erie.
Adv. No. 81–0412.

United States District Court,
W.D. Pennsylvania.

May 21, 1982.

Order for Judgment Nov. 9, 1982.

John C. Dennison, II, Brookville, Pa., for Unibank.

Dwight L. Koerber, Jr., Clearfield, Pa., for Gust and Hazel Boleen.

William T. Morton, Erie, Pa., for debtors.

Richard W. Mutzabaugh, Bradford, Pa., for Trustee.

MEMORANDUM AND ORDER ON APPEAL FROM BANKRUPTCY COURT

WILLSON, Senior District Judge.

On May 21, 1982, the following Notice of Appeal was filed with the Clerk:

"Gust Boleen and Hazel Boleen, Defendants, appeal to the District Court from the Order of the Bankruptcy Judge entered in this case on May 11, 1982, wherein the Plaintiff, Unibank, was granted permission to proceed on the sale of property for which Defendants have a claim of ownership."

The Bankruptcy Court record is now before me with respect to the issues raised by the appeal. The debtors in the bankruptcy proceeding are Ronald R. Boleen and Mary L. Boleen. Unibank is a secured creditor. The matter from which the appeal was taken came before Bankruptcy Judge Washabaugh on the application of Unibank for leave to execute on its judgments against the debtors. Under the bankruptcy law, Unibank could not proceed on execution because of the automatic stay which took effect on the filing of the bankruptcy petition. In the bankruptcy case, the debtors were discharged September 24, 1981. But prior thereto on September 14, 1981, Unibank sought leave from the Bankruptcy Court to execute on its judgments. In its application Unibank recited the real property involved together with the fact that it was a no asset case and that the judgments against the involved real property far exceeded its market value. After the filing of the petition, Gust Boleen and Hazel Boleen, parents of the bankruptcy debtors, intervened before the Bankruptcy Court, claim-

ing a life estate in the subject property on which Unibank had filed judgment liens. Unibank has asserted that the documents on which the life estate claim is based are a nullity and have no legal effect.

An evidentiary hearing was held before the Bankruptcy Court on April 27, 1982, and on May 11, 1982, Judge Washabaugh entered his Order which is the basis of the appeal now before this Court. It is of some passing interest that Judge Washabaugh's hearing was held on April 27, 1982, which is the date of the argument before the Supreme Court of the United States in the famous case of *Northern Pipeline v. Marathon*, —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d ——, but decided on June 28, 1982.

At the hearing before me, counsel for the present parties, that is, John C. Dennison, II, Esq., for Unibank; William T. Morton, Esq., for the debtors; and Dwight L. Koerber, Jr., Esq., for the intervenors Gust and Hazel Boleen, discussed the applicability of the decision to the instant appeal. It is my view that the Bankruptcy Court had power to adjudicate the validity of the Unibank liens against the subject property because the property was listed as an asset as was Unibank listed as a creditor in the bankruptcy case. Those issues were for the Bankruptcy Court under the 1978 statute and the *Northern Pipeline* decision. Once the Bankruptcy Court made its decision, it was authorized to remove the stay and permit Unibank to proceed on execution in the State Court. It is also my view that once the Bankruptcy Court made that decision, he exceeded his power in enjoining and restraining Gust and Hazel Boleen from taking any proceedings before any other court involving its claim to the subject property. Therefore, an Order for Judgment follows.

## ORDER FOR JUDGMENT

AND NOW, November 9, 1982, in accordance with the foregoing Memorandum and the documents before me, the appeal of Gust Boleen and Hazel Boleen is denied in part and granted in part as follows:

FIRST: The appeal is denied with respect to the Bankruptcy Court's granting permission for Unibank to proceed on the sale of the real property and that Court's Order in this respect is affirmed.

SECOND: With respect to the adjudication by the Bankruptcy Court of the claim of Gust Boleen and Hazel Boleen against the subject property and in enjoining and restraining further proceedings thereon, the decision of the Bankruptcy Court is vacated and set aside as being beyond his power under the Northern Pipeline decision.

AND FINALLY, my Order is that Unibank may proceed under state law on the execution of its judgments, and Gust Boleen and Hazel Boleen are at liberty to intervene therein providing state law permits.

IT IS SO ORDERED.